RAYVILLE COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38992. Promulgated August 11, 1930.

*H. J. Plagens, Esq.,* and *James W. Broddus, Esq.,* for the petitioner.

*A. H. Fast, Esq.,* for the respondent.

#### OPINION.

LANSDON: The respondent asserts deficiencies in income taxes for the years 1925 and 1926 in the respective amounts of $16.57 and $189.31.

The petitioner is a Missouri corporation with its principal office and place of business at Rayville, where it has been engaged in mining and selling coal since some time in 1922. On January 1, 1925, the petitioner had depreciable assets which it had capitalized at $44,080.77. Additional similar property was acquired in the years 1925 and 1926 at costs of $2,548.94 and $6,101.34, respectively.

In computing the depreciation allowance for the petitioner in the taxable years, the Commissioner applied a composite rate of 6⅔ per cent, based on his determination that the mixed aggregate of depreciable assets used by the petitioner in its business had an average useful life of 15 years. The petitioner contends that certain formation faults first discovered in 1924 reduce the operating life of its mine to 10 years; that its buildings and equipment will have only junk value when the mine is abandoned, and that it is entitled to recover its capital investment in the 10-year period in which profitable production is possible.

The mine in question was opened in 1922 and, at that time, it was thought that 15 years would be required for the recovery of a coal reserve estimated at something in excess of 3,000,000 tons. It was worked by the long-wall method, by which the coal is removed in all directions from the shaft so that the working face of the seam is a circular wall, all parts of which are equally distant from the shaft opening from which haulage ways radiate first in four and later, as the workings are extended, in eight or more lines. The formation faults, not located until 1924, reduced the face of the wall by about 50 per cent. All attempts to relocate the seam beyond the faults failed. The evidence shows that this condition was not

known when the original estimate of coal reserve and the plans for its removal were made, and that the time of profitable operation was reduced thereby to not more than 10 years.

The evidence also indicates that in ordinary mining conditions the average useful life of the petitioner's depreciable assets should be not less than 15 years. Upon this basis depletion was allowed in 1922, 1923, and 1924. Because of the faults discovered late in 1924, the petitioner now contends that it should be allowed to recover, free from tax, all the undepreciated cost of its operating equipment on the basis of a 10-year useful life. In *Stouts Mountain Coal Co.*, 4 B. T. A. 1292, a somewhat similar situation was presented, and we there held that the petitioner should be allowed to deduct the undepleted cost of its coal reserves from its income in the year in which the mine became exhausted and was abandoned. Our decision therein established the rule that taxpayers may recover the whole cost of mineral reserves and depreciable assets used for production therefrom, even if it becomes necessary to readjust depletion and depreciation rates on account of conditions not known when operation was begun. This rule is fully supported by the Supreme Court in *United States* v. *Ludey*, 274 U. S. 295. See also *Thompson Oil & Gas Co.* v. *Commissioner*, 40 Fed. (2d) 492.

In *Sterling Coal Co., Ltd.*, 8 B. T. A. 549, in which the mine was operated for several years beyond the date at which it was necessary to reduce the original estimate of coal reserve, we held that " if subsequent developments show that a material error has been made in the original estimates of ore reserves, a new estimate may be made and the capital remaining to be recovered distributed accordingly." We think these decisions are controlling here. On this issue the Commissioner is reversed. At January 1, 1925, there remained only seven years of profitable operation. In each of the taxable years 1925 and 1926, the petitioner is entitled to deduct one-seventh of the undepreciated cost of its depreciable assets as of January 1, 1925, plus proper adjustments for additions thereto in each of the years involved. *Kehota Mining Co.* v. *Lewellyn*, 30 Fed. (2d) 817.

As a second cause of action, the petitioner alleges that the Commissioner erroneously applied the rate of 13 per cent to its net income in determining its tax liability for the year 1925. In his answer the respondent admits that the income tax of the petitioner for 1925 was computed at the rate of 13 per cent and denies that the proper rate was 12½ per cent.

Section 230 of the Revenue Act of 1926 imposes a tax of 13 per cent upon the net income of every corporation in excess of credits provided in sections 236 and 263 of the same act. On this issue the respondent is affirmed.

*Decision will be entered under Rule 50.*